May Term,
1860.

DIPPLE
v.
DOUGLAS.

---

DIPPLE v. DOUGLAS.

If *A.* lease a house and lot to *B.,* and *B.* assign the lease to *C.,* who occupies the premises, and *C.* dig a hole, by which, after the expiration of his lease, and after the lessor has resumed the possession, the cellar of *D.,* an adjoining tenant of *A.,* is flooded with water: *Quære,* whether *A.* can fill up the hole and pay *D.* the damage sustained by means of it, and sue *C.* for the amount expended.

It is error to refuse to instruct the jury, in such case, that if they find from the evidence that *D.'s* cellar would have been flooded if the hole had not been there, they cannot make the damage to him a part of their verdict.

APPEAL from the *Vanderburg* Circuit Court.

PERKINS, J.—This suit was commenced by *Douglas* against *Dipple,* before a justice of the peace, to recover 50 dollars.

The complaint of *Douglas* was this: He owned two adjoining pieces of property in the city of *Evansville,* which were occupied severally by tenants, viz., *John Dipple* and *Eugene Kappler.* *Dipple* dug a hole upon the piece of property—a lot—occupied by him, which filled with water and overflowed into the cellar of *Kappler,* the other tenant of *Douglas.* *Douglas* filled up the hole, at a cost of 11 dollars, and paid *Kappler* 39 dollars for his injuries from the overflow, making 50 dollars, which he

Wednesday,
June 13.

alleges he paid for the wrongful act of *Dipple*, and which sum he seeks to recover back by means of this suit.

Upon the trial on appeal in the Circuit Court, it appeared that the premises occupied by *Dipple* were leased by *Douglas* to one *William M. Walker*, for a period of ten years, ending *August* 1, 1859, at a certain ground rent, *Walker* paying also the taxes, and having the right to remove any buildings he might erect on the premises, at any time within two months from the first day of *August*, 1859, but not afterwards. If they were not removed by the expiration of said two months, they became the property of *Douglas*. Nothing was said in the lease about rent for the two month's extension of time; nor was there, as to excavating or filling up, or otherwise, cellars.

*Walker* assigned this lease to *Dipple*, who occupied as his assignee. Such being the case, it might well be looked into to see if this action lies against him by the original lessor. See 4 Kent, p. 96; 1 Chit. Pl., pp. 17, 116, *et seq.;* Taylor's Land. and Ten., p. 294. But the point has not been made, and we shall not examine it.

It appears that *Dipple* removed the buildings erected on the leased ground within the two months allowed, and *Douglas* took possession. Nothing appears to have been said about the cellar at that time. It does not appear but that *Douglas* might have thought it would be useful for a subsequent tenant for years, or for the accommodation of a building intended to be erected by himself.

It further appears that in *November*, 1859, being more than a month after *Douglas* had re-possessed himself of this lot, with the cellar upon it, there came an unusual freshet, which occasioned the filling of *Kappler's* cellar with water, producing the main injury out of which has grown this suit; and further that *Douglas* had the cellar filled up.

The evidence tends strongly to show that *Kappler's* cellar would have been filled by water, in the freshet, if there had been no cellar on the lot which had been occupied by *Dipple*, and is far from satisfactorily showing any liability

on the part of the latter to any one on account of the fact; yet the Court refused this instruction:

"If the jury find from the evidence that *Kappler* would have sustained the damage from the filling of his cellar by the extraordinary rain if *Dipple's* had not been there, the jury cannot make that damage a part of their verdict."

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. L. Robinson*, for the appellant.

*J. G. Jones* and *J. E. Blythe*, for the appellee.